```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BRIAN DEGRAFFENREID,                            :
                                                :
                          Petitioner,           :
                                                :      17-CV-5346 (VEC)
           -v-                                  :
                                                :         ORDER
WILLIAM LEE, SUPERINTENDENT,                    :
EASTERN CORRECTIONAL FACILITY,                  :
                                                :
                          Respondent.           :
                                                :
------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/8/2020

VALERIE CAPRONI, United States District Judge:

WHEREAS the Court denied the Petition for a Writ of Habeas Corpus on April 24, 2020 (Dkt. 24) (the "Order");

WHEREAS Petitioner has filed a motion for reconsideration (Dkt. 25), seeking reconsideration of the Court's decision to decline to issue a certificate of appealability and its certification that any appeal from the Order would not be taken in good faith, *see* Order at 10–11;

WHEREAS "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court," *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995);

WHEREAS a party may obtain relief on a motion for reconsideration "only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013) (quotation omitted);

1

WHEREAS the Court agrees with Petitioner that the standard for a good faith basis to take an appeal, the consequence of which is that Petitioner would be able to proceed *in forma pauperis* in an appellate proceeding, is lower than the standard for issuing a certificate of appealability ("COA"), *see* Mot. Reconsideration at 2–4; *Thornton v. Reynolds*, No. 99-CV-10605, 2001 WL 845452, at *3 (S.D.N.Y. July 26, 2001);

WHEREAS the "'substantial showing' requirement for granting a COA is satisfied if the issues involved in a petition are debatable among jurists of reason, could be resolved in a different manner, or are adequate to deserve encouragement to proceed further," *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000);

WHEREAS Petitioner "acts in good faith when he seeks appellate review of any issue not frivolous," *Coppedge v. United States*, 369 U.S. 438, 445 (1962);

WHEREAS the Court finds that it imposed the more burdensome standard for issuing a certificate of appealability, 28 U.S.C. § 2253(c), to whether an appeal would be taken in good faith, 28 U.S.C. § 1915(a)(3);

WHEREAS the Court, upon considering the correct standard for good faith, finds that the Order contains clear error, and that Petitioner's requested alternative relief should be granted, *see* Mot. Reconsideration at 1;

WHEREAS the Court finds that it did not "overlook[] a factual and legal argument Petitioner made in his reply memorandum that impugns the state court's factual findings," Mot. Reconsideration at 5, in its decision to decline to issue a certificate of appealability, *see Driessen v. Royal Bank Int'l*, No. 14-CV-01300, 2015 WL 881205, at *2 (D. Conn. Mar. 2, 2015) ("[T]here is no requirement for a court to specifically address each and every argument raised by a party in papers filed with the Court.");

WHEREAS the Court continues to find, contrary to Petitioner's argument, that the prejudice holding in *Henry v. Poole*, 409 F.3d 48, 71–72 (2d Cir. 2005)—which concerned the effect of false exculpatory alibi evidence on a misidentification defense—is not applicable to this case—where defense counsel mistakenly presented inculpatory state-of-mind evidence as if it were exculpatory, and where the other evidence of Petitioner's guilt, accepting the state court's factual findings, was overwhelming;

WHEREAS the Court finds Petitioner's remaining arguments that the Court should not have accepted the state court's predicate factual findings are without merit, *see* Mot. Reconsideration at 7–8;

IT IS HEREBY ORDERED that Petitioner's motion for reconsideration is GRANTED in part and DENIED in part.  The Court's certification that any appeal taken from its April 24, 2020, Order would not be taken in good faith is stricken.

The Clerk of Court is respectfully directed to close the open motion on docket entry 25.

**SO ORDERED.**

Date:  **May 8, 2020**                               _____
      **New York, New York**                      **VALERIE CAPRONI**
                                                 **United States District Judge**